UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, | ) Civil Action No. 3:14-CV-02164-MGL )  ) |
| Plaintiff, | ) ) |
| v. | ) ) **OPINION AND ORDER** |
| ESSEX HOMES SOUTHEAST, INC., KARL HASLINGER, RICHARD C. MORROW, AND JULIE A. MORROW, | ) ) ) ) |
| Defendants. | ) ) ) |

Plaintiff Auto-Owners Insurance Company ("Plaintiff") filed the instant action against Defendants Essex Homes Southeast, Inc., Karl Haslinger, Richard C. Morrow and Julie A. Morrow (collectively "Defendants"), invoking jurisdiction pursuant to 28 U.S.C. §§ 1332, and seeking a declaration by the Court under the authority of the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, that the commercial general liability ("CGL") policies of insurance entered into between Plaintiff and Defendant Essex Homes Southeast, Inc. do not provide liability insurance coverage or alternatively provide only limited coverage in the underlying lawsuit. (ECF Nos. 1 & 14.) This matter is before the Court by way of Defendants Essex Homes Southeast, Inc. and Karl Haslinger's ("moving defendants") July 16, 2014 motion to dismiss or stay this insurance coverage action until the resolution of the underlying civil case (*Richard C. Morrow and Julie A. Morrow v. Essex Homes Southeast, Inc., et al.*, C.A. No. 2013-CP-40-03365R) pending in the Court of Common Pleas for the Fifth Judicial District, County of Richland, South Carolina, to recover personal injuries and property damage arising out of the construction and sale of a home. (ECF No. 24.) For the reasons set forth below, this Court GRANTS the Moving Defendants's motion to stay.

FACTUAL AND PROCEDURAL BACKGROUND

This matter is a declaratory judgment action to determine whether coverage exists pursuant to a CGL contract of insurance entered into between Plaintiff Auto-Owners Insurance Company and Defendant Essex Homes Southeast, Inc. Plaintiff provided coverage to Defendant Essex under sequential policies of insurance in effect from April 17, 2001 through April 17, 2003. (ECF No. 1 &14.) Each policy had a $500,000 per occurrence limit and $1 million general aggregate limit. On June 4, 2014, Plaintiff filed this action seeking a declaration that the relevant CGL policies do not provide liability insurance coverage in the underlying lawsuit, *Richard C. Morrow and Julie A. Morrow v. Essex Homes Southeast, Inc., et al.*, C.A. No. 2013-CP-40-03365R, or alternatively, only provide limited coverage. Specifically, Plaintiff asserts that no "occurrence" or "property damage" occurred to trigger coverage under the CGL policies. Further, Plaintiff contends that certain exclusions to coverage apply under the insurance policies. Plaintiff filed its amended complaint on June 30, 2014. (ECF No. 14.) The Moving Defendants filed the instant motion on July 16, 2014. (ECF No. 12.)

The underlying state court lawsuit seeks damages for property damage and bodily injury from Defendants Essex Homes South East, Inc. and Karl Haslinger for negligence, breach of implied warranty, and breach of express warranties arising out of alleged construction defects associated with the Morrows home. The complaint alleges that a water leak in the house purchased from Defendant Essex in 2000 caused water damage and resulting mold growth not discovered until several years later. In the instant motion, the Moving Defendants asks this Court to dismiss or stay this action to allow for the resolution of factual issues in the underlying lawsuit. (ECF No. 24-1.) Specifically, the Moving Defendants argue that: 1) the posture of the instant lawsuit jeopardizes the Moving Defendant's legal positions and rights to certain privileges; 2) efficiency dictates the

resolution of the pending state court matters first;  and 3) that overlapping issues of fact and law create unnecessary entanglement between the state and federal courts.   Plaintiff filed a memorandum in opposition to the motion to dismiss or stay the case on August 1, 2014. (ECF No. 27.)  In its opposition, Plaintiff distinguishes the instant matter (involving the narrow issue of whether Plaintiff has a duty to indemnify and defend the insured) from the underlying dispute of which it is not a party.  (ECF No. 27.)  Defendants filed a reply in support of its motion on August 7, 2014,  reiterating its position that the outcome of factual issues in the underlying suit has a direct bearing on the determination of coverage issues in the instant declaratory judgment action. (ECF No. 30.)  The matter has been fully briefed and is ripe for the Court's consideration.

## LEGAL STANDARDS

A. Declaratory Judgment Actions

Under the Declaratory Judgment Act, a district court, in a case or controversy otherwise within its jurisdiction, "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995); *see also United Capitol Ins. Co. v. Kapiloff,* 155 F.3d 488, 493 (4th Cir.1998). "[A] declaratory judgment action is appropriate 'when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and ... when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.' " *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 256 (4th Cir.1996) (quoting *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir.1937)). "[D]istrict courts have great latitude in determining whether to assert jurisdiction over declaratory judgment actions..."*Aetna Cas. & Sur.*

*Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 422 (4th Cir. 1998).

B. Motions to Stay in the Context of a Declaratory Judgment Action

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Maryland v. Universal Elections, Inc.*, No. 12–1791, 2013 WL 3871006, at *7 (4th Cir. July 29, 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–255 (citations omitted). In the context of a declaratory judgment action, the Supreme Court held in *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942), and later in *Wilton v. Seven Falls Co.,* 515 U.S. 277 (1995), that a district court's substantial discretion permits it to stay or dismiss an action seeking a declaratory judgment in favor of an ongoing state court case. *See Brillhart*, 316 U.S. at 494–95; *Wilton*, 515 U.S. at 288. This discretion, however, is not unfettered.

District courts must take into account "considerations of federalism, efficiency, and comity" whenever a parallel proceeding is pending in state court. *United Capitol Ins. Co.*, 155 F.3d at 493(citing *Nautilus Ins. Co. v. Winchester Homes, Inc*., 15 F.3d 371, 376 (4th Cir.1994)). To aid district courts in balancing the state and federal interests when a parallel state action is pending, four factors have been articulated for consideration: (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and (4) whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping. *Id.* at 493-494 (citing *Nautilus*, 15 F.3d at 377).

DISCUSSION AND ANALYSIS

As noted above, the Fourth Circuit has set forth several considerations a district court should weigh in determining whether to stay or dismiss a declaratory judgment action. An analysis of this issue using the factors outlined in *Nautilus* and its progeny leads this Court to conclude that a stay of the above-styled civil action is appropriate. At issue here are matters involving insurance policies and issues related to coverage governed by South Carolina law, thus, the State of South Carolina has a strong interest in having such issues decided in its courts. Further, the question of what constitutes an "occurrence" or "property damage" under the CGL policies and the applicability of any potential exclusions to coverage, are "overlapping" matters undoubtedly at issue in the related and ongoing state court proceeding. There is a potential for unnecessary entanglement between the instant declaratory judgment action and the underlying lawsuit because in order to make the coverage determinations Plaintiff seeks in this declaratory judgment action, this Court would have to make several findings of fact concerning what damage occurred and when, findings which are also principally at issue in the underlying suit. Such findings in this Court could have a preclusive effect on the underlying active state case. *See Nautilus Ins. Co.*, 15 F.3d at 377. This Court declines to "'frustrate the orderly progress' of [the] state court proceedings" given that some of the issues raised in the instant federal declaratory judgment action can be more efficiently resolved in the state court. *See id.* On balance, the relevant factors weigh in favor of the Moving Defendants' position.

This Court's power to stay is proceedings is well established. The power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *See Landis,* 299 U.S. at 254. Accordingly, while this Court does not believe that dismissal of this civil action is necessary, for the reasons stated above, it does find that a stay is appropriate pending the resolution of the underlying

South Carolina state lawsuit.  *See Myles Lumber Co. v. CNA Financial Corp.*, 233 F.3d 821, 832 (4th Cir. 2000)("[W]hen a suit involves equitable or discretionary relief, a district court may either stay the suit in favor of state court action or 'decline to exercise jurisdiction altogether by ... dismissing the suit or remanding it to state court.'" (internal citations omitted)).

## CONCLUSION

For the reasons set forth above, the Court GRANTS Defendants Essex Homes Southeast, Inc. and Karl Haslinger's motion to stay.  (ECF No. 24.)  This matter is stayed until such time as the underlying state court matter is resolved, unless the Court lifts the stay at an earlier time at its discretion.  All other relief requested is DENIED.  The parties are directed to file a status report on the status of the underlying lawsuit within four months of the date of this order.

IT IS SO ORDERED.

<u>s/Mary G. Lewis</u>
United States District Judge

Spartanburg, South Carolina
September 23, 2014